UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JALAL ZOMA,

             Plaintiff,                    Case No. 2:17-CV-13862
                                               District Judge Mark A. Goldsmith
v.                                         Magistrate Judge Anthony P. Patti

COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.
_____/

## RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 13) AND GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 14)

**I.**     **RECOMMENDATION**: For the reasons that follow, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary

judgment (DE 13), **GRANT** Defendant's motion for summary judgment (DE 14),

and **AFFIRM** the Commissioner's decision.

**II.**     **REPORT**

       Plaintiff, Jalal Zoma, brings this action under 42 U.S.C. § 405(g) for review

of a final decision of the Commissioner of Social Security ("Commissioner")

denying his application for social security supplemental security income (SSI)

benefits. This matter is before the United States Magistrate Judge for a Report and

Recommendation on Plaintiff's motion for summary judgment (DE 13), the

Commissioner's cross motion for summary judgment (DE 14) and the
administrative record (DE 10).

### A.    Background and Administrative History

Plaintiff filed his application for SSI benefits in August 2013, alleging that
he had been disabled since January 1, 2003.  (R. at 248-57.)  He subsequently
amended his onset date to January 14, 2013.  (R. at 358.)  In his August 2013
disability report, he states that the following conditions limited his ability to work:
colon cancer, kidney trouble, high cholesterol, diabetes mellitus, hypertension,
rectal bleeding, depression, anxiety, and insomnia.  (R. at 308.)  His application
was denied on December 19, 2013.  (R. at 153-56.)

On February 17, 2014, Plaintiff requested a hearing by an Administrative
Law Judge (ALJ).  (R. at 157-58.)  On May 27, 2015, ALJ Patricia S. McKay held
a hearing, at which Plaintiff and a vocational expert, Scott B. Silver, testified.  (R.
at 37-74.)  ALJ McKay issued an opinion on August 21, 2015, which determined
that Plaintiff was not disabled within the meaning of the Social Security Act.  (R.
at 121-36.)

On September 8, 2015, Plaintiff submitted a request for review of the
hearing decision/order.  (R. at 193-94.)  On June 3, 2016, the Appeals Council
vacated ALJ McKay's decision and remanded it for further administrative
proceedings, including the opportunity for a hearing and a new decision.  (R. at

2

137-41.)  The Appeals Council found that "[f]urther analysis of the severity of the claimant's mental impairments with consideration of the opinion evidence of record is required" and directed the ALJ to give further consideration to Plaintiff's maximum residual functional capacity and if warranted by the expanded record, to obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base.  (*Id.*)  On remand, ALJ McKay held a hearing on October 5, 2016, at which Plaintiff and a vocational expert, Kelly A. Stroker, testified.  (R. at 36-71.)  ALJ McKay issued a second opinion on November 16, 2016, expressly incorporating her prior August 21, 2015 decision by reference, and determining that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 16-26.)

On September 22, 2016, Plaintiff submitted a request for review of the hearing decision/order.  (R. at 247.)  However, on October 19, 2017, the Appeals Council denied Plaintiff's request for review.  (R. at 1-6.)  Thus, ALJ McKay's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on November 30, 2017.

## B.    Plaintiff's Medical History

The administrative record contains approximately 500 pages of medical records, which were available to the ALJ at the time of her November 16, 2016

decision.  (R. at 385 - 897 [Exhibits 1F – 28F].)  These materials will be discussed in detail, as necessary, below.

### C.     The Administrative Decision

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 13, 2013, the date that he filed his application for benefits.  (R. at 21.) At **Step 2**, the ALJ found that Plaintiff has the following severe impairments:  status post colon cancer with resection surgery; bilateral carpal tunnel syndrome, worse on the right side; benign positional vertigo; recent onset atrial fibrillation; and, anxiety/adjustment disorder.  (*Id*. at 21-22.)  At **Step 3**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (*Id*. at 22-23.)  Prior to **Step 4** of the sequential process, the ALJ determined that Plaintiff has the residual functional capacity ("RFC")[1] to:

> perform medium work as defined in 20 CFR 416.967(c) with occasional climbing of stairs and ladders, ropes, scaffolding, crouching, crawling, kneeling, stooping, and bending; occasional exposure to unprotected heights but avoiding workplace hazards such as dangerous moving machinery;  frequent  grasping/gross  manipulation  with  the nondominant  left  upper  extremity  and  occasional  grasping/gross

---

[1] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec*., 276 F.3d 235, 239 (6th Cir. 2002).

4

manipulation with the dominant right upper extremity; and work that is only unskilled, simple, routine, and repetitive in nature.

(*Id.* at 23-24.) At **Step 4**, the ALJ determined that Plaintiff was unable to perform any past relevant work.  (*Id*. at 24.)  At **Step 5**, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.  (*Id*. at 24-25.)  The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from August 13, 2013, through the date of the decision.  (*Id*. at 25.)

### D.    Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241

(quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).  "Substantial evidence supports a decision if 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' backs it up." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility."  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."); *Richardson*, 402 U.S. at 399 ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict.").  Furthermore, the claimant "has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability."  *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this

Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also Biestek*, 880 F.3d at 783 ("[A] decision supported by substantial evidence must stand, even if we might decide the question differently based on the same evidence.") (citing *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E.    Analysis

Plaintiff alleges one claim of error: that the ALJ failed to create an accurate RFC assessment and therefore erroneously found work at Step 5. (DE 13 at 11-14.) Plaintiff claims that the ALJ's RFC finding does not include all of his documented limitations, specifically including limitations as a result of bilateral carpal tunnel syndrome and problems with vertigo and dizziness, and thus the RFC

7

determination as well as the ALJ's Step 5 finding are not supported by substantial evidence.  (*Id.*)  The Commissioner opposes Plaintiff's motion, asserting that substantial evidence supports the Commissioner's decision.  (DE 14 at 5-12.)

First, to the extent Plaintiff purports to frame this as a challenge to the ALJ's Step 5 determination, because the hypothetical posed to the vocational expert in this matter is essentially identical to the RFC, this is in reality a "veiled attack" on the ALJ's underlying RFC finding.  *See Kirchner v. Colvin*, No. 12-CV-15052, 2013 WL 5913972, at *11 (E.D. Mich. Nov. 4, 2013) ("Kirchner's Step Five argument is a veiled attack on the ALJ's underlying RFC finding" because "this is not a scenario where the ALJ's hypothetical failed to match up to the RFC he ultimately imposed"); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999) ("To require the Commissioner to prove a claimant's RFC at step five is essentially to partially shift the burden of proof required of a claimant at step four to the Commissioner.").

Plaintiff bears the burden of proof at Steps 1-4 of the sequential process, including proving his RFC. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (["D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five.") *(citing Young v. Sec'y of Health and Human Servs.,* 925 F.2d 146, 148 (6th Cir.1990); *Allen v. Califano,* 613 F.2d 139, 145 (6th Cir.1980)); *Cole v. Sec'y of Health and Human Servs.,* 820

8

F.2d 768, 771 (6th Cir.1987)); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) ("The claimant, however, retains the burden of proving her lack of residual functional capacity"). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391-92.

Plaintiff's RFC is "the most [he] can still do despite the physical and mental limitations resulting from [his] impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); s*ee also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of Plaintiff's RFC is an issue reserved to the Commissioner and must be supported by substantial evidence. 20 C.F.R. §§ 404.1527(e), 416.927(e). However, "'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.'" *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (citation omitted). Pursuant to Social Security Rule 96-8p, the RFC assessment must include:

> [A] narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8p, 1996 WL 374184, at *6-7. "Although SSR 96–8p requires a 'function-by-function evaluation' to determine a claimant's RFC, case law does not require the ALJ to discuss those capacities for which no limitation is alleged." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002). Instead, the ALJ '"need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record."' *Id.* (citations omitted).

The ALJ here thoroughly reviewed and considered Plaintiff's hearing testimony, his daily activities, the objective medical evidence, his treatment history, and the opinion evidence, and found that Plaintiff was capable of performing a reduced range of medium exertional work. (R. at 23-24, incorporating R. at 121-36.) However, Plaintiff claims that the ALJ's RFC assessment does not include all of his documented limitations. First, he argues that he could not perform medium work—which requires that he *frequently* lift and carry items weighing up to 25 pounds—if he is limited to only *occasionally* grasping items with his dominant hand. (DE 13 at 13.) However, while medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds, and requires the use of the claimant's hands and arms to grasp, hold, and turn objects, S.S.R. 83-1, 1983 WL

10

31251, at *6 (Jan. 1, 1983), there is simply no requirement in the regulations that a claimant must be able to grasp frequently with *both* extremities to perform medium work. *See id.*; 20 C.F.R. § 416.967(c).  In any event, ALJ McKay did not find that Plaintiff was capable of performing the full range of medium work, but instead included numerous additional limitations, including manipulative restrictions of frequent grasping/gross manipulation with the nondominant left upper extremity and only occasional grasping/gross manipulation with the dominant right upper extremity.  (R. at 23.)  Thus, the ALJ's RFC assessment is not internally inconsistent for including a limitation to medium work with occasional grasping/gross manipulation with the dominant right upper extremity.  And even with these various restrictions—with the ALJ prefacing the hypothetical with an acknowledgement that "[t]he upper extremities are more problematic"—the vocational expert found jobs that Plaintiff could perform.  (R. at 91.)

Second, Plaintiff contends that the objective medical evidence and his testimony establish that he can only perform occasional grasping with *both* hands, and the vocational expert testified that if both hands were limited to occasional grasping, that would be work preclusive at the medium exertional level.  (DE 13 at 13-14, citing R. at 83-85, 93, 548, 560, 659, 786, 789, 792.)  However, for the following reasons, this cited record evidence does not require any greater functional restrictions than the ALJ found in her RFC assessment.  ALJ McKay

11

expressly relied on the September 2013 EMG study cited by Plaintiff as consistent

with carpal tunnel syndrome, severe on the right and moderately severe on the left,

in finding that Plaintiff's carpal tunnel syndrome was a severe impairment.  (R. at

129, citing R. at 658-59.)[2]  Moreover, that diagnostic record does not establish any

functional limitations, much less any limitations greater than those found by the

ALJ.  *See Young*, 925 F.2d at 151 ("[I]t is well established that a diagnosis alone

does not indicate any functional limitations caused by an impairment."); *see also*

*Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is

determined by the functional limitations imposed by a condition, not the mere

diagnosis of it.").

Similarly, the examination findings by Dr. Saad Naaman cited by Plaintiff,

which noted tenderness in his hand and decreased sensation in digits 2 and 3, were

specifically addressed by the ALJ.  (R. at 22, citing R. at 785-92.)  As noted in her

decision, those examination records indicate that Plaintiff consistently reported that

the pain in his hands is feeling better with the medication Gabapentin, and that

wearing the wrist braces at night has "improved significantly" his hand pain.  (R. at

22-24, 785-92.)  Accordingly, those records provide substantial evidence

---

[2] As explained above, ALJ McKay expressly incorporated her original August 21,
2015 decision by reference into her November 16, 2016 decision following remand
from the Appeals Council.  (R. at 19, 23 (referring to the original decision for an
analysis of the earlier medical exhibits).)

supporting the RFC assessment and the Court defers to it "even if there is

substantial evidence that would have supported an opposite conclusion." *Blakley*,

581 F.3d at 406 (internal citation omitted). The ALJ also properly noted Plaintiff's

choice not to follow Dr. Naaman's recommendations for surgery on his right hand

as undercutting his allegations of debilitating hand pain. (R. at 22-24.) *See Lemle*

*v. Comm'r of Soc. Sec.*, No. 11-10295, 2012 WL 1060111, at *9 (E.D. Mich. Jan.

27, 2012) ("The Sixth Circuit recognizes that a claimant's failure to follow

prescribed treatment is evidence supporting an ALJ's factual finding that the

claimant's testimony is not fully credible."), *report and recommendation adopted*,

2012 WL 1069787 (E.D. Mich. Mar. 29, 2012). Plaintiff does not address this

reasoning by the ALJ, or indeed assert any challenge to the ALJ's credibility

analysis as a whole.

The remaining records cited by Plaintiff similarly fail to require additional

functional limitations. Plaintiff cites to a "diagnosis of peripheral neuropathy" (DE

13 at 13, citing R. at 548), but as noted above, a mere diagnosis does not indicate

any specific functional limitations, let alone limitations greater than those found by

the ALJ here. *See Young*, 925 F.2d at 151. Plaintiff also simply refers to his

subjective report of symptoms from his April 2013 treatment note complaining of

numbness in his hands. (DE 13 at 13, citing R. at 560.) However, Plaintiff's

subjective complaints to his doctor are not transformed into an objective medical

13

finding or medical opinion simply by their inclusion in a doctor's treatment note. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 273-74 (6th Cir. 2010) (noting that a plaintiff's subjective complaints to a doctor are not medical opinions entitled to weight). Plaintiff fails to acknowledge that the same treatment record noted, on examination, findings of "*[n]ormal* strength and feeling in the extremities," *normal* pulses, and that "[h]is neuropathy *does not interfere with his daily activity*." (R. at 560-61 (emphases added).) And while Plaintiff cites to pages from his hearing testimony in support of his argument (DE 13 at 13, citing R. at 83-85), the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence." (R. at 23; *see also* R. at 129 ("the claimant's statements and claims of disability are found to be not fully credible because of inconsistencies in the record").) Plaintiff has failed to challenge the ALJ's credibility analysis and any such argument therefore is deemed waived. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("[W]e limit our consideration to the particular points that Hollon appears to raise in her brief on appeal.").[3]

---

[3] I note that Plaintiff also asserts that he "suffers from vertigo and dizziness which would prevent [him] from the frequent stooping and crouching requirements of medium work." (DE 13 at 13.) However, Plaintiff wholly fails to otherwise develop this argument and it is deemed waived. *See Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x. 464, 466 (6th Cir. 2003) ("issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation,

Moreover, ALJ McKay noted in support of her decision that examinations showed that Plaintiff had normal strength and feeling in the extremities (R at 129, citing R. at 541-48, 550-638), that a December 2013 consultative physical examination found that Plaintiff had no significant abnormalities, full range of motion, and 5/5 grip strength (R. at 129, citing R. at 703-11), and January and June 2015 examinations revealed 5/5 strength in the bilateral upper and lower extremities and intact sensation. (R. at 22, 129, citing R. at 736, 781.) These findings all provide substantial evidence supporting the ALJ's RFC assessment.

Thus, I find that there is substantial evidence supporting the ALJ's RFC determination. I note that an ALJ's decision cannot be reversed merely because there exists some other evidence in the record that might support a different conclusion. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion…. This is so because there is a 'zone of choice' within which the Commissioner can act without the fear of court interference.") (citation omitted); *see also Biestek*, 880 F.3d at 783 ("[A] decision supported by substantial evidence must stand, even if we might decide the question differently based on the same

---

are deemed waived.' ") (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

evidence.").  Plaintiff has failed to demonstrate that or how the ALJ's RFC is not supported by substantial evidence and has failed to convincingly show that a different outcome was legally or factually required on this record.  Plaintiff's claim of error should be denied.

### G.    Conclusion

In sum, the ALJ's opinion is supported by substantial evidence and is based upon a proper application of law.  Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (DE 13), **GRANT** Defendant's motion for summary judgment (DE 14), and **AFFIRM** the Commissioner of Social Security's decision.

## III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d

16

1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections

must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," *etc.*  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated: February 7, 2019                      s/*Anthony P. Patti*
                                             Anthony P. Patti
                                             UNITED STATES MAGISTRATE JUDGE



**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record
on February 7, 2019, electronically and/or by U.S. Mail.

                                             s/Michael Williams
                                             Case Manager for the
                                             Honorable Anthony P. Patti


17

18